UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-01868-GW-MAR | Date:  April 19, 2023 |

Title:   **Sydney Andrew Petillo v. Saint Andre**

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE:  WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY**

**I.
INTRODUCTION**

Petitioner Sydney Petillo ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254").  ECF Docket No. ("Dkt.") 1.  The Petition appears untimely.  However, the Court will not make a final determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to explain why the Petition is not untimely.

**II.
PROCEDURAL HISTORY**

According to the Petition, Petitioner was convicted of second degree murder in Los Angeles Superior Court in 1994.  Dkt. 1 at 2.  Petitioner indicates that his appellate counsel filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979), indicating there were no non-frivolous issues to raise.  Id.  The Court of Appeal denied the appeal on an unknown date.

Petitioner indicates that he filed a habeas petition in the California Supreme Court on February 15, 2023, and that it was denied on the same date.  Id. at 3–4.  A case search on the California Courts Appellate Courts Case Information website confirms that: (1) on October 3, 2022, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which the court denied on February 15, 2023.[2]

Petitioner constructively filed the instant Petition on March 10, 2023.  Dkt. 1 at 10.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[2] See California Courts, Appellate Courts Case Information, California Supreme Court, Docket, available at https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?doc_id=2404901&request_token=NiIwLSEmLkw7WyBRSCM9WExIMDg0UDxTJCM%2BWzhTICAgCg%3D%3D&start=1&doc_no=S276721&dist=0&search=party&auth=yes (last accessed on April 17, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-01868-GW-MAR                                                    Date:  April 19, 2023

Title:   Sydney Andrew Petillo v. Saint Andre

# III.
# DISCUSSION

### A.    THE PETITION IS UNTIMELY AND SUBJECT TO DISMISSAL

#### 1.    The Petition was filed after AEDPA's one-year limitations period

##### a.    Applicable law

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).

##### b.    Analysis

Here, Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014).

Petitioner indicates he appealed his conviction to the Calfironia Courts of Appeal, but that he did not seek a petition for review with the California Supreme Court.  Accordingly, Petitioner's conviction became final forty (40) days after the date his appeal was denied, when the time expired for Petitioner to submit a petition for review  See Dkt. 1; see also Cal. R. Ct. 8.264(b)(1), 8.500(e)(1) (state court rules establishing a petition for review must be filed within ten (10) days of the date an appeal becomes final, which is typically thirty (30) days).  However, the Petition does not specify when Petitioner was convicted, or when the California Court of Appeal denied his direct appeal, indicating only that Petitioner was convicted sometime in 1994.  Dkt. 1 at 2.  Absent evidence to the contrary, it seems likely that Petitioner's appeal would have been denied sometime within a year or two (2) at most; therefore AEDPA's one-year limitations period likely commenced and expired sometime before Petitioner filed the instant Petition nearly thirty (30) years later, on March 10, 2023. Dkt. 1 at 10.  Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)").  Thompson, 681 F.3d at 1093.
///
///
///
///

#### 2.    Petitioner is not entitled to a later trigger date

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-01868-GW-MAR                                    Date:  April 19, 2023

Title:  Sydney Andrew Petillo v. Saint Andre

    a.    **Applicable law**

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final.  28 U.S.C. § 2244(d)(1).

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]"  28 U.S.C. § 2244(d)(1)(B).

Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]"  28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).  A different triggering date, therefore, may apply to each claim in a petition.  Id.

    b.    **Analysis**

Here, Petitioner does not appear to argue that he is entitled to a trigger date beyond the date on which his conviction became final, nor is it apparent from the Court's preliminary review that any potential later trigger date is relevant to Petitioner's claims.  See 28 U.S.C. § 2244(d)(1).

    3.    **Statutory tolling does not render the Petition timely**

    a.    **Applicable law**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits."  King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  However, "section 2244(d) does not permit the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-01868-GW-MAR                                          Date:  April 19, 2023

Title:     Sydney Andrew Petillo v. Saint Andre

reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

### b.      Analysis

Here, as discussed above, it is likely that AEDPA's one-year statute of limitations expired long before Petitioner filed his habeas petition in the California Supreme Court on October 3, 2022. See 28 U.S.C. § 2244(d)(1).  The limitations period can not be tolled by a state petition filed after the period had already expired, and thus statutory tolling does not render the Petition timely.  See Ferguson, 321 F.3d at 823.

### 4.      Equitable tolling does not render the Petition timely

### a.      Applicable law

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

### b.      Analysis

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim.  Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

### IV.
### ORDER

The Court will not make a final determination regarding whether the Petition should be dismissed as untimely before giving Petitioner an opportunity to explain why the Petition is timely or why he is entitled to tolling.  Thus, the Court **ORDERS** Petitioner to show cause **within twenty-one (21) days of this Order, by May 10, 2023**, why the Petition should not be dismissed as untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:23-cv-01868-GW-MAR                                      Date: April 19, 2023

Title:    Sydney Andrew Petillo v. Saint Andre

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |